**Opinion filed January 13, 2011**



In The

# Eleventh Court of Appeals

_____

### Nos. 11-10-00241-CR, 11-10-00242-CR, & 11-10-00243-CR
_____

## JAYSON WAYNE GRUMBLES A/K/A JAYSON GRUMBLES, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 266th District Court**

**Erath County, Texas**

**Trial Court Cause Nos. CR13391, CR13392, & CR13393**

### M E M O R A N D U M   O P I N I O N

Jayson Wayne Grumbles pleaded guilty to the offenses of unauthorized use of a vehicle, burglary of a building, and harassment by a person in a correctional facility and true to the enhancement allegations.  In each case, the trial court assessed appellant's punishment, in accordance with the terms of the plea bargain agreement, at confinement for ten years and a $1,000 fine with the sentences to run concurrently.  We dismiss these appeals.

The trial court certified that these were plea bargain cases in which appellant waived his right of appeal and that appellant had no right of appeal.  *See* TEX. R. APP. P. 25.2(a)(2), (d).

Upon receiving the trial court's certifications, the clerk of this court wrote appellant's attorney and requested a response showing grounds to continue these appeals. Appellant responded, indicating that the trial court's certifications are defective because appellant had filed pretrial motions that are reviewable on appeal. We continued the appeals based upon appellant's response. However, the clerk's records have now been filed in this court and reveal that the certifications are not defective.

The clerk's records reflect that appellant entered into a plea bargain agreement in which the State agreed to dismiss another case that was pending against appellant and to recommend a concurrent ten-year sentence and a $1,000 fine in the three cases at issue in these appeals. In exchange, appellant agreed to plead guilty, to waive any pretrial motions that had been asserted, and to waive any right to appeal. The records show that the punishment assessed by the trial court did not exceed the punishment recommended by the prosecutor and agreed to by appellant. In each case, the trial court's certification is supported by the record and is not defective. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005). These certifications reflect that appellant has no right to appeal. Because appellant's appeals are prohibited by Rule 25.2, we must dismiss them without further action. Rule 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Accordingly, the appeals are dismissed.

PER CURIAM

January 13, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

2